**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                    Plaintiff,<br><br>    vs.<br><br>JARROD BLAIR,<br>                    Defendant. | CASE NO: **1:23-CR-107**<br><br>**DETENTION ORDER** |

The defendant is charged with a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison. On the government's motion, the court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained pending trial.

There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison. While the defendant has rebutted the presumption, the government met its burden of persuasion requiring detention in this matter.

Based on the information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public

In addition to the reasons more particularly stated on the record in open court at the detention hearing, the court finds that the defendant committed the instant alleged offense while on active parole supervision for a state court drug crime. He has a criminal history that includes similar drug offenses and crimes of violence. The defendant has been charged with a federal drug crime, and the Sixth Circuit "routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *United States v. Stone*, 608 F. 3d 939, 947 n.6 (6th Cir. 2010). Notably, "the risk of continued narcotics trafficking on bail constitutes a risk to the community." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) (cited with approval in *Stone*, 608 F.3d at 947 n.6). In addition, the Court finds the defendant has violated the conditions of probation, parole, or supervised release previously imposed by the court; has failed to appear for court proceedings in the past; is subject to a lengthy period of incarceration if convicted; was not truthful with pretrial services during his interview and therefore poses a substantial risk of noncompliance with supervision; has provided information that conflicts with the information provided by a third party contact; and conditions which restrict the defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require

reporting, education, employment, or treatment; or monitor the defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated March 26, 2024

BY THE COURT: *s/Karen L. Litkovitz*